314 Ga. 418
FINAL COPY

S22Y0779. IN THE MATTER OF DENNIS ROBERT KURZ.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master Daniel Reinhardt, recommending that the Court accept the petition for voluntary discipline of Respondent Dennis Robert Kurz (State Bar No. 430489) and impose a three-month suspension for violations of Rules 1.3, 1.15 (I), and 1.15 (II) (b) of the Georgia Rules of Professional Conduct ("GRPC") found in Bar Rule 4-102 (d). Kurz filed the petition to resolve a formal complaint filed in State Disciplinary Board Docket ("SDBD") Nos. 7486 and 7487 and sought a public reprimand, but agreed to a suspension of up to six months. Having reviewed the record, we agree to accept the petition, but impose a public reprimand instead of a suspension.

The charges in SDBD No. 7486 arose out of an incident in which Kurz appeared in court after having consumed some alcohol at a luncheon with his fiancée. The charges in SDBD No. 7487 are unrelated to those in SBDB No. 7486 and relate to his failure to abide fully by the rules governing trust accounts in three incidents, none of which caused even potential harm to clients or third parties.

As detailed in the Special Master's report, Kurz was admitted to the State Bar of Georgia in 2003, and his practice initially involved working for firms in civil matters. Since 2013, he has maintained a solo practice concentrating on domestic matters and other civil disputes.

With respect to SDBD No. 7486, the Special Master's report details the following facts. On February 14, 2019, Kurz was scheduled to appear before the Gwinnett County Recorder's Court at 1:30 p.m. to conclude a pre-negotiated plea in a driving-without-a-license case on behalf of a client. Kurz had failed to note the court date on his schedule, and believing that his schedule ended at noon that day, he had taken his then-fiancée (now wife) to a restaurant

2

for a Valentine's Day lunch. He had consumed a beer and some of a champagne toast by the time his paralegal called to inform him that she and the client were present in court. Kurz immediately drove to court because he did not think the client would be able to resolve the case in his absence. Upon arriving at the courthouse, Kurz asked the clerk to look up his client's name through the court's computerized attorney directory. Kurz admitted to the clerk that he was unsure of his client's name and was unaware of whether his client would need an interpreter. Kurz took the plea sheets given to him and followed the clerk's directions to the courtroom, where he spoke with his client and paralegal. He also spoke with the assistant solicitor, who confirmed that the fine would be $705 as previously quoted.

After a few moments, the court took a brief recess, and while Kurz had stepped outside the courtroom to make a call, he was summoned over the loudspeaker to report to the judge's chambers. In chambers, the judge told Kurz that it had been reported that Kurz had an odor of alcohol on his breath at check-in, and he asked Kurz, "What's the occasion?" Kurz immediately apologized and explained

3

what had happened. The judge asked whether Kurz was impaired, and Kurz responded that he did not think he was, acknowledged that he had made an extremely poor decision to come to court under the circumstances, and stated that he never would have appeared in court after consuming alcohol but for the scheduling issue and the circumstances of his client's case. The judge said he would take Kurz at his word that this was a "one-time thing," grant a continuance, and instruct the sheriff that Kurz was not allowed to drive his car home. Kurz thanked the judge, and about two weeks later, Kurz was permitted to close the case on his client's behalf by a plea in absentia and a certified check. No evidence was presented that Kurz was actually impaired while driving or in court.[1]

With regard to SDBD No. 7487, the Bar's investigation began in early 2019 after it was notified that Kurz's trust account was overdrawn by $0.09 by an Automated Clearing House payment from

---

[1] In his recommendation, the Special Master stated that "Kurz behaved unacceptably" because "[a] lawyer should never appear in court under the influence of alcohol." But this statement was not a factual finding that Kurz was impaired, and there was no evidence to have supported such a finding in the event the Special Master had made one.

the account to Kurz's personal American Express account. About a week later, Kurz deposited $250 into the account, but then paid his American Express bill at a time when the trust account contained earned legal fees that had not yet been withdrawn. This resulted in his account being overdrawn by $4.33, but Kurz made a deposit within 11 days to cure it. During this time period, the account was overdrawn by $0.09 for one week and by $4.33 for 11 days, but did not contain any client or third-party funds.

A second instance of Kurz effectively commingling personal and client funds occurred in 2016 in connection with Kurz's representation of a client in pursuing civil claims related to the client's employment. Immediately after the client paid the agreed-upon fee of $6,500 directly into Kurz's trust account, Kurz transferred the funds to his operating account. Kurz and the client agreed that the matter for which the fee was paid might involve multiple parties or lawsuits, and as the matter proceeded, Kurz withdrew claims that had been asserted against a potential Georgia

defendant and filed suit against another defendant in New Jersey, where Kurz is also admitted to practice.

Before the answer was due, however, the defendant provided Kurz with documentary evidence that directly undercut the client's claims. The defendant threatened to seek sanctions if the case was not withdrawn. Kurz believed that his client's claims would likely be dismissed in their entirety and that the client and Kurz would likely be sanctioned and assessed fees if the matter proceeded. The client agreed with Kurz's advice to withdraw the lawsuit without prejudice. Although Kurz had earned all of the fee, he decided to refund the entire $6,500 to his client. Kurz sent the payment to his client via a check from his trust account, and to pay that amount, Kurz put a $4,300 charge onto his personal American Express card and paid the remainder from earned attorney fees in unrelated cases that remained in the trust account but had not been withdrawn.

The third instance uncovered by the Bar of Kurz effectively commingling funds occurred in 2014 and related to Kurz's representation of a client who worked for ten years for a cleaning

subcontractor at a hospital. Kurz was retained by the client to pursue a civil action against the subcontractor. The client asserted that she was fired in violation of her employment contract, owed approximately ten years in delinquent overtime pay, and owed tens of thousands of dollars for commercial cleaning equipment left at the hospital when she was fired. Kurz and the client agreed to a 40 percent contingency fee, with the client to be responsible for all costs of litigation. Following pre-trial proceedings and Kurz's successful defense against the subcontractor's motion for summary judgment, the matter proceeded to a jury trial. The jury returned a verdict in the client's favor for $6,000, which was much less than Kurz and the client had expected. The subcontractor paid the judgment with a check, which Kurz deposited into his trust account. Kurz paid himself his 40 percent contingency fee and $867.42 in expenses, but did so without written disclosure to his client. However, Kurz then decided to waive his contingency fee, but not the expenses, and ultimately wrote a check to his client from his trust account for $5,132.58. The amount paid to his client represented the amount

owed to her under the fee agreement, $2,732.58, with the balance of $2,400 consisting of legal fees that had been earned by Kurz in unrelated matters that were previously undrawn by him from the account.

Kurz admitted, and the Special Master agreed, that he violated GRPC Rule 1.3 for the conduct related to the Gwinnett County hearing and violated GRPC Rules 1.15 (I) and 1.15 (II) (b) in connection with his handling of his trust account in three instances.[2] Although the maximum sanction for a violation of these rules is disbarment, a much less severe sanction is warranted under the circumstances presented here. Kurz consented to the Bar's motion for an alcohol and drug evaluation pursuant to OCGA § 9-11-35, which concluded that Kurz was not impaired within the meaning of

---

[2] Rule 1.3 requires an attorney to act with reasonable diligence and promptness in representing a client, meaning that "a lawyer shall not without just cause to the detriment of the client in effect willfully abandon or willfully disregard a matter entrusted to the lawyer." Rule 1.15 (I) generally requires that a client's or third-party's funds not be commingled with an attorney's own funds. Rule 1.15 (II) (b) forbids an attorney from depositing personal funds into a trust account, except that unearned fees may be held in that account.

Bar Rule 4-104 and did not suffer habitual intoxication or drug addiction that impaired his competency as an attorney.

Additionally, we agree with the Special Master that the following mitigating circumstances are supported by the record: (1) Kurz's excellent reputation and exemplary character; (2) the absence of a dishonest or selfish motive; (3) Kurz's timely, good-faith effort to rectify the consequences of his misconduct; (4) Kurz's full and free disclosure to the disciplinary authorities and cooperative attitude toward the proceedings; and (5) Kurz's remorse for his actions. See ABA Standards for Imposing Lawyer Sanctions 9.32 (b), (d), (e), (g), and (l); *In the Matter of Cook*, 311 Ga. 206, 210 (2) (857 SE2d 212) (2021) (this Court generally looks to ABA Standards in determining punishment in disciplinary cases).

The Special Master did find three aggravating factors: (1) the presence of a prior disciplinary offense in the form of an Investigative Panel Reprimand on January 5, 2018, which involved Kurz's representation of a client in a criminal matter, see Bar Rule 4-208 (in the event of subsequent disciplinary proceeding,

9

confidentiality of imposition of discipline shall be waived and confidential discipline may be used in aggravation of discipline); (2) pattern of misconduct; and (3) substantial experience in the practice of law. See ABA Standard 9.22 (a), (c), and (i).

We conclude that the mitigating factors substantially outweigh the aggravating factors. The record is clear that Kurz's misconduct related to his trust account did not cause harm to any client, and in fact occurred on multiple occasions because he was returning earned fees to his clients even though, as the Special Master found, he was entitled to keep those fees for himself. And the circumstances related to his Gwinnett County appearance demonstrated only negligence stemming from a failure to calendar a court hearing. Based on Kurz's substance abuse evaluation, the Special Master concluded that this incident was one that is unlikely to be repeated.

Having considered the Special Master's report and the record, we determine that a suspension is not warranted and that a public reprimand is the appropriate sanction, which is consistent with cases involving similar facts. See, e.g., *In the Matter of Mathis*, 312

10

Ga. 626 (864 SE2d 40) (2021) (accepting voluntary petition and imposing public reprimand for trust account violations, including commingling personal and client funds and withdrawing fees from trust account without referencing applicable records, where no client was harmed and there was no prior disciplinary history); *In the Matter of Francis*, 297 Ga. 282 (773 SE2d 280) (2015) (accepting voluntary petition and imposing Review Panel reprimand where lawyer previously had ongoing habits that resulted in failure to follow trust account rules and three prior instances of confidential discipline, but no clients were harmed and lawyer had already implemented recommendations of Bar's Law Practice Management program).

Accordingly, the Court hereby accepts the voluntary petition and directs that Dennis Robert Kurz be administered a public reprimand in open court pursuant to Bar Rules 4-102 (b) (3) and 4-220 (c) for his admitted violations of GRPC Rules 1.3, 1.15 (I), and 1.15 (II) (b).

*Petition for voluntary discipline accepted. Public reprimand. All the Justices concur.*


Decided August 9, 2022.

Public reprimand.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, James S. Lewis, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Wilson Morton & Downs, James E. Spence, Jr.*, for Kurz.